I cannot agree that one who secures from this state a certificate of convenience and necessity, bus licenses, and posts the required bond for the purpose of operating busses over a Washington highway, and pursuant thereto does so operate, is not doing business in the state of Washington.
If the relator was doing business in the state of Washington (as I think it was), then under the provisions of Rem. Rev. Stat., § 3854, it was required to appoint an agent within the state upon whom service of summons and complaint could be had. This the relator did not do, but its failure to do so ought not to give it the advantage of being beyond the reach of service, because that would be allowing one to benefit from one's own omission.
I think the bus driver was an agent of the relator and, as such, falls within the purview of Rem. Rev. Stat., § 226, which provides that summons may be served upon any agent of the corporation.
I do not think the fact that the action could have been brought in Canada deprives this state of its jurisdiction. I agree that convenience of the parties would be better served by the bringing of the action in Canada, but I think this state either has jurisdiction of the action or it does not, and that the question of convenience of the parties generally relates to questions affecting changes of venue.
I dissent. *Page 764